Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EDUARDO ANTONIO GAYOSO FERNÁNDEZ, MARÍA JOSÉ SIFRE CESTERO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Demandante Apelada<br><br>v.<br><br>KEVIN JAY KOHN NOVITA, TAMBIÉN CONOCIDO COMO KEVIN KOHN NOVITA, TAMBIÉN CONOCIDO COMO KEVIN KOHN; SANDS PROPERTIES, INC.; HUGO E. ARENAS, TAMBIÉN CONOCIDO COMO HUGO E. ARENAS CAMPANA, POR SÍ Y EN REPRESENTACIÓN DE SANDS PROPERTIES, INC.<br><br>Parte Demandada Apelante | TA2026AP00504 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023CV00641<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero |
| HUGO ARENAS CAMPANA, HACIENDO NEGOCIOS COMO SANDS PROPERTIES, INC.<br><br>Parte Demandante Apelada<br><br>v.<br><br>KEVIN JAY KOHN; EDUARDO A. GAYOSO FERNÁNDEZ, MARÍA J. SIFRE CESTERO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Demandada Apelante | | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023CV00725<br><br>Sobre: "Interpleader" al Amparo de la Regla 19 de Procedimiento Civil |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2026.

Comparece ante *nos*, el Sr. Kevin Jay Khon Novita (señor Khon Novita o apelante) y nos solicita que revisemos y revoquemos la *Sentencia* emitida y notificada el 13 de marzo de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Carolina. Mediante dicho dictamen, el TPI concedió la solicitud de sentencia sumaria instada por el Sr. Eduardo Antonio Gayoso Fernández, la Sra. María José Sifre Cestero y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, parte demandante o apelada) y, en consecuencia, declaró *ha lugar* a la *Demanda* de epígrafe.

Por los fundamentos que expondremos a continuación, *confirmamos* el dictamen apelado.

**I.**

Según surge del expediente, el caso de autos se originó el 2 de marzo de 2023, cuando la parte demandante instó una *Demanda* sobre incumplimiento de contrato y cobro de dinero contra el señor Khon Novita y el Sr. Hugo E. Arenas Campana (señor Arenas Campana).

Según las alegaciones, la parte demandante suscribió junto al señor Khon Novita un Contrato de Opción de Compraventa para la adquisición de una propiedad ubicada en el municipio de Carolina, cuyo precio de venta se estableció en $625,000.00, y para la cual las partes acordaron que la venta se efectuaría en o antes del 22 de diciembre de 2022. La parte demandante adujo que el 15 de diciembre de 2022 efectuó un depósito a nombre de Sands Properties Inc., para la opción de compraventa por la cantidad de $25,000.00, los cuales fueron depositados en una cuenta "*escrow*"

en el Banco Popular. Sin embargo, el 22 de diciembre de 2022, las partes suscribieron un Addendum al contrato mediante el cual extendieron la fecha de cierre al 26 de diciembre de 2022. Manifestó que se encontraba en posición de otorgar la escritura de compraventa según pactado, sin embargo, los codemandados se negaron a completar el negocio jurídico alegando que no correspondía hacer la retención del 15% del pago que recibiría por la venta del inmueble. Por tal razón, solicitó al foro primario que ordenara a los codemandados a devolver la cantidad de $25,000.00 pagada en concepto de depósito, así como que ordenara al señor Khon Novita a pagar a Raquel Font DBA Dynamic Properties la comisión provista en el inciso 12 del Contrato de Opción de Compraventa, toda vez que fue este quien provocó el incumplimiento de contrato.

El 14 de abril de 2023, el señor Arenas Campana presentó su *Contestación a Demanda*. En esta, negó la mayoría de las alegaciones y admitió otras. Como defensa afirmativa, incluyó, entre otras cosas, que consignó el depósito de $25,000.00 en el caso CA2023CV00725. Asimismo, aseveró que en la transacción fungió como corredor de bienes raíces conforme a la Ley Núm. 10 de 26 de abril de 1994, también conocida como Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico. De manera que, por tratarse de un intermediario en dicha transacción y no una parte contratante no respondía por los hechos reclamados en la *Demanda*.

Luego, el 11 de agosto de 2023, el señor Khon Novita instó su *Contestación a la Demanda y Reconvención*. Allí, sostuvo que estuvo listo, dispuesto y en condición de otorgar la escritura de compraventa y transferir el título de la propiedad a la parte demandante conforme a los términos pactados en el contrato. Asimismo, negó que hubiese dado por terminado unilateralmente el

contrato de opción y alegó afirmativamente que fue la parte demandante quien incumplió el contrato al negarse a otorgar la escritura de compraventa y al notificar la cancelación del contrato. A su vez, reconvino reclamando para sí la suma de $12,500.00 del depósito de $25,000.00 y reclamó el pago de una indemnización por daños y perjuicios.

El 24 de agosto de 2023, la parte demandante presentó su *Moción en Cumplimiento de Orden y Réplica a la Reconvención*. Mediante esta, puntualizó que en todo momento realizó gestiones afirmativas para la compra de la propiedad. Además, aclaró que, si bien el contrato guardaba silencio en cuanto a la retención de no residente, la misma era un mandato de ley impuesto por el Código de Rentas Internas a un vendedor de un inmueble cuando no es residente en Puerto Rico.

Tras varias incidencias procesales innecesarias pormenorizar, el 11 de octubre de 2023, el señor Arenas Campana, por sí y en representación de Sands Properties, Inc., presentó su *Contestación a Demanda*.

Más adelante, el 12 de enero de 2024, la parte demandante presentó una *Moción [...]* solicitando la consolidación del caso Civil Núm. CA2023CV00725 sobre *interpleader* presentado por el señor Arenas Campana, por sí y en representación de Sands Properties, Inc., con el Caso Civil Núm. CA2023CV00641, por ser este último el de mayor antigüedad. Además, presentó una *Moción Solicitando Autorización para Enmendar Demanda*.

El 16 de enero de 2024, el foro primario emitió una *Orden* autorizando la presentación de la *Demanda Enmendada* y, a su vez, concedió a la parte demandada un término de cinco (5) días para expresar su posición.

En cumplimiento, el 26 de enero de 2024, el señor Khon Novita presentó su *Contestación a la Demanda Enmendada y*

*Reconvención*. En su escrito, reiteró sus alegaciones respecto a que la parte demandante incumplió el contrato al no otorgar la escritura de compraventa en o antes del 26 de diciembre de 2023. Asimismo, arguyó que, en virtud del alegado incumplimiento, tenía derecho a retener la suma de $12,500.00 pagada en concepto de depósito.

El señor Arenas Campana, por sí y en representación de Sands Properties, Inc., presentó el 16 de enero de 2024 su *Contestación a Demanda Enmendada.*

El 29 de enero de 2024, y notificado el 31 de enero de 2024, el foro primario emitió una *Orden* determinando consolidar el caso Civil Núm. CA2023CV00641 con el caso Civil Núm. CA202300725 pues ambos comprendían cuestiones de hechos y de derecho comunes.

Luego de varios trámites procesales, el 23 de julio de 2024, el señor Khon Novita presentó una *Moción de Enmienda a las Alegaciones conforme a la Regla 6.2(c) de Procedimiento Civil* acompañada de su *Contestación Enmendada a la Demanda Enmendada y Reconvención.*

Así las cosas, el 12 de noviembre de 2024, la parte demandante instó una *Solicitud de Sentencia Sumaria*. En síntesis, solicitó que se dictara sentencia sumaria por no existir hechos materiales en controversia. Alegó que, el señor Khon Novita incumplió el contrato al negarse a que se le hiciera la retención del 15% dispuesta por ley, la cual es aplicable por no ser residente de Puerto Rico. Así pues, sostuvo que este incumplimiento no le es atribuible, por lo que, de acuerdo a lo establecido en la ley y las disposiciones del Contrato de Opción de Compraventa, se le debe devolver la suma de $25,000.00.

Por su parte, el 19 de diciembre de 2024, el señor Khon Novita presentó su *Moción en Oposición a Solicitud de Sentencia Sumaria y Solicitando se dicte Sentencia Sumaria a favor de la Parte*

*Demandada [...].* A grandes rasgos, adujo que la solicitud de sentencia sumaria se presentó acompañada de dos (2) declaraciones juradas proforma; por lo cual, no cumple con las exigencias de la Regla 36.5 de Procedimiento Civil, pues está basada en meras alegaciones y teorías de la representación legal de los demandantes. Indicó, además, que ha sido exclusivamente la parte demandante quien imposibilitó el otorgamiento de la escritura de compraventa, incumplió así la obligación principal del contrato. Añadió que, los demandantes condicionaron el otorgamiento de la escritura de compraventa a que aceptara que le retuvieran del precio adeudado la suma de $42,552.45. Condición que contraviene los términos del contrato y cuya alegada justificación resulta contraria a la ley.

Luego, el 15 de enero de 2025, la parte demandante presentó una *Réplica [...]* al escrito instado por el señor Khon Novita. Finalmente, el 20 de febrero de 2025, el señor Khon Novita presentó una *Dúplica.*

Sometido el asunto y atendidos los escritos presentados por ambas partes, el 13 de marzo de 2026, el foro primario emitió una *Sentencia* mediante la cual acogió la solicitud de sentencia sumaria instada por la parte demandante y, en consecuencia, declaró *ha lugar* a la *Demanda* de epígrafe y ordenó la devolución de la suma de $25,000.00 a la parte demandante. Razonó el foro apelado que la parte demandante cumplió con el estándar de prueba necesario a través de la documentación anejada y que el contenido de los eventos no era contradictorio, sino la interpretación que cada una de las partes le daba. Así, concluyó que la conducta del señor Khon Novita demostró su desinterés en cumplir con lo pactado y la normativa aplicable. Por último, el tribunal desestimó con perjuicio la reconvención y ordenó a la parte demandada a pagar a Sands Properties, Inc. y a Raquel Font DBA Dynamic Properties la suma de $25,000.00 correspondiente al 4% del precio de venta acordado.

En desacuerdo, el 30 de marzo de 2026, el señor Khon Novita presentó una *Moción Solicitando Determinaciones Adicionales de Hechos y Reconsideración*. Mientras que, el 17 de abril de 2026, la parte demandante presentó su *Moción [...] en Oposición a Moción de Reconsideración*. No obstante, el 28 de abril de 2026, el foro de instancia emitió una *Resolución Final* mediante la cual declaró *no ha lugar* a la solicitud de reconsideración.

Inconforme aun, el 18 de mayo de 2026, el señor Khon Novita compareció ante *nos* mediante *Apelación Civil* alegando la comisión de los siguientes errores:

> **PRIMER ERROR:** Erró el TPI al invocar la Regla 42.2 para dispensarse de las obligaciones que la Regla 36.4 impone respecto a la moción denegada del señor Kohn, y de esta forma dejar de articular las determinaciones de hechos que la Regla 36.4 exige formular al denegar la moción del codemandado señor Kohn.

> **SEGUNDO ERROR:** Erró el TPI al conceder el remedio solicitado por los demandantes, cuando fueron éstos quienes resolvieron unilateralmente el contrato de promesa de compraventa.

> **TERCER ERROR:** Erró el TPI al ordenar el pago de $25,000.00 a Raquel Font DBA Dynamic Properties, quien nunca fue parte en el pleito, excediendo el objeto del *"interpleader"*, y creando una obligación que el contrato no contemplaba.

> **CUARTO ERROR:** Erró el TPI al resolver mediante el mecanismo de sentencia sumaria un asunto que, por admisión del propio Tribunal, estaba sujeto a la interpretación subjetiva de las partes.

Examinado el recurso ante nuestra consideración, el 26 de mayo de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para presentar su posición al recurso. En cumplimiento, el 15 de junio de 2026, la parte apelada compareció ante este foro intermedio mediante un *Alegato en Oposición*.

Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. Sentencia sumaria**

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Cruz, López v. Casa Bella y otros*, 213 DPR 980 (2024); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Acevedo y otros v. Depto. Hacienda y otros*, *supra*, pág. 350; *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021). Según ha resuelto nuestro Tribunal Supremo, un hecho material es aquel que puede alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. *Cruz, López v. Casa Bella y otros, supra*, pág. 993.

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*, pág. 350; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*, pág. 335; *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Oriental Bank v. Caballero García*, 212 DPR 671 (2023). Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo y*

*otros v. Depto. Hacienda y otros, supra*, pág. 350; *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo y otros v. Depto. Hacienda y otros*, *supra*, pág. 351. Véase, además, Regla 36.3 de Procedimiento Civil, *supra*. Así pues, resulta esencial que de la prueba que acompaña la solicitud de sentencia sumaria surja de manera preponderante que no existe controversia sobre los hechos medulares del caso. *Cruz, López v. Casa Bella y otros*, *supra*, pág. 993.

Así, para sostener u oponerse a una petición de sentencia sumaria las partes podrán presentar, entre otras, las siguientes piezas de evidencia: certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones, contestaciones a interrogatorios, declaraciones juradas o affidavits, y hasta prueba oral. *Acevedo y otros v. Depto. Hacienda y otros, supra,* pág. 350 citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Nuestro máximo Foro ha sido enfático en que, cuando una parte acompaña su solicitud u oposición de sentencia sumaria de una o varias declaraciones juradas, estas deben cumplir con las disposiciones especiales pautadas en la Regla 36.5 de Procedimiento

Civil (32 LPRA Ap. V). *Acevedo y otros v. Depto. Hacienda y otros, supra*, pág. 350.

A esos efectos, se requiere que las declaraciones juradas demuestren afirmativamente el conocimiento personal y la calificación del testigo, también se requiere que se presenten únicamente hechos admisibles como evidencia en un juicio. Hernández Colón, *op. cit.* pág. 319. Por consiguiente, cuando la solicitud de sentencia sumaria está apoyada en una o varias declaraciones juradas, dicha prueba no podrá contener solo conclusiones sin hechos específicos que las sustenten. *Acevedo y otros v. Depto. Hacienda y otros, supra*, págs. 350-351; *Roldán Flores v. M. Cuebas et al.*, 199 DPR 644 (2018). Lo anterior, serían meras conclusiones reiterando las alegaciones de la demanda y, por tanto, prueba insuficiente y sin valor probatorio. *Acevedo y otros v. Depto. Hacienda y otros, supra*, pág. 351 citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. I, págs. 615-616.

El Tribunal Supremo de Puerto Rico ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo y otros v. Depto. Hacienda y otros, supra*, pág. 351; *SLG Fernández-Bernal v. RAD-MAN et al., supra*, pág. 337. Ahora bien, nuestro máximo Foro ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) como cuestión de derecho no procede. *Acevedo y otros v. Depto. Hacienda*

*y otros, supra,* pág. 351. Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra,* págs. 335-336; *Vera v. Dr. Bravo,* 161 DPR 308 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Cruz, López v. Casa Bella y otros, supra,* pág. 993. Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra,* pág. 352; *Velázquez Ortiz v. Mun. de Humacao,* 197 DPR 656 (2017); *Ramos Pérez v. Univisión,* 178 DPR 200 (2010); *Soto v. Hotel Caribe Hilton,* 137 DPR 294 (1994). Sin embargo, nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge la inexistencia de controversia en torno a los hechos materiales. *Cruz Cruz y otros v. Casa Bella Corp., supra,* págs. 993-994.

Ahora bien, una vez presentada una moción de sentencia sumaria y se sostenga en la forma provista en la Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede. Véase, Regla 36.3 (c) de Procedimiento Civil, *supra.*

Por otra parte, si en virtud de una moción de sentencia sumaria no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los

hechos esenciales y pertinentes que están realmente y de buena fe controvertidos. Regla 36.4 de Procedimiento Civil (32 LPRA Ap. V).

Además, puntualizamos que "al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias pautadas en las Reglas de Procedimiento Civil". *Acevedo y otros v. Depto. Hacienda y otros*, *supra*, pág. 352. Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*, pág. 338; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. *González Meléndez v. Mun. San Juan et al.*, *supra*, pág. 611. Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd*. Véase, además, *Cruz, López v. Casa Bella y otros*, *supra*, pág. 994.

**B. Derecho de contratos**

El contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones. Artículo 1230 del Código Civil (31 LPRA sec. 9751). Es facultativo contratar o no hacerlo, y hacerlo, o no, con determinada persona. Artículo 1232 del Código Civil (31 LPRA sec. 9753). Estos derechos no pueden ejercerse abusivamente ni contra una disposición legal. *Íd*. Así, las partes pueden acordar cualquier cláusula que no sea

contraria a la ley, a la moral o al orden público. *Íd.* Además, lo acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley. Artículo 1233 del Código Civil (31 LPRA sec. 9754).

El contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. Artículo 1237 del Código Civil (31 LPRA sec. 9771). En adición, "cuando los términos de un contrato son claros y no crean ambigüedades, estos se aplicarán en atención al sentido literal que tengan". *C.F.S.E. v. Unión de Médicos*, 170 DPR 443 (2007).

### III.

En su primer señalamiento de error, la parte apelante arguye que erró el TPI al invocar la Regla 42.2 de Procedimiento Civil (32 LPRA Ap. V), para dispensarse de las obligaciones que la Regla 36.4 de Procedimiento Civil, *supra*, impone respecto a la moción de sentencia sumaria denegada y de esta forma dejar de articular las determinaciones de hechos que la Regla 36.4 exige formular al denegar su moción.

Según el derecho que antecede, la Regla 36.4 de Procedimiento Civil, *supra*, delimita las instancias en las que el tribunal estará obligado a resolver la solicitud de sentencia sumaria "mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos". Conforme al texto de la citada regla, estas instancias son: (1) cuando no se dicta sentencia sumaria sobre la totalidad del pleito; (2) cuando no se concede todo el remedio solicitado, y (3) cuando se deniega la moción de sentencia sumaria presentada. *Íd.* Así pues, estas tres (3) instancias conllevan la

celebración de un juicio en su fondo. En consecuencia, se le requiere al tribunal que consigne los hechos sobre los cuales no hay controversia, puesto que será innecesario pasar prueba sobre estos en el juicio.

En el caso ante *nos*, ninguna de las instancias antes mencionadas activa la Regla 36.4 de Procedimiento Civil, *supra*. Esto, pues el foro primario resolvió la totalidad del pleito por la vía sumaria. Al así proceder, el TPI entendió que no existían controversias de hechos materiales y solo procedía aplicar el Derecho. Ello, al amparo de la Regla 36.2 de Procedimiento Civil, *supra*, que regula las solicitudes de sentencia sumaria a favor de una parte contra quien se reclama.

Con relación al segundo señalamiento de error, el señor Khon Novita manifiesta que erró el TPI al conceder el remedio solicitado por los demandantes, cuando fueron estos quienes resolvieron unilateralmente el Contrato de Opción de Compraventa. Asimismo, en su cuarto señalamiento de error coligió que erró el foro primario al resolver mediante el mecanismo de sentencia sumaria un asunto que, por admisión del propio Tribunal, estaba sujeto a la interpretación subjetiva de las partes.

El contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones. Artículo 1230 del Código Civil, *supra*. Así, las partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público. Además, lo acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley. Artículo 1233 del Código Civil, *supra*.

En el caso de epígrafe, el 25 de noviembre de 2022, las partes suscribieron un Contrato de Opción de Compraventa para la adquisición de una propiedad ubicada en el Condominio Playa

Serena en Isla Verde. El precio de venta de la propiedad se estableció en $625,000.00 y, posteriormente, la parte apelada entregó un depósito de $25,000.00. Asimismo, las partes acordaron que la compraventa se llevaría a cabo en o antes del 15 de diciembre de 2022.

Luego, el mencionado contrato fue modificado a los únicos efectos de cambiar la fecha en que se llevaría a cabo la compraventa. La primera modificación con fecha del 13 de diciembre de 2022 tuvo el propósito de cambiar la fecha del cierre del 15 de diciembre al 22 de diciembre de 2022. Subsiguientemente, el 12 de diciembre de 2022, el apelante otorgó un Poder Especial mediante el cual designó a la Lcda. Marielí Quetglas Jordán como su apoderada y en el mismo, le confirió poder "para el otorgamiento de cuantos documentos sean necesarios para realizar la cesión de la propiedad antes descrita".

Así las cosas, el 22 de diciembre de 2022, las partes suscribieron un Addendum en el cual extendieron la fecha del cierre del 22 de diciembre al 26 de diciembre de 2022. Surge del expediente ante nuestra consideración que, el 24 de diciembre de 2022, el señor Arenas Campana envió un correo electrónico en el cual dispuso que "*As per instructions, the Closing date should be on December 28, 2022 insted of December 29, 2022*". El 26 de diciembre de 2022, las partes suscribieron un segundo Addendum al Contrato de Opción de Compraventa en el que se cambió la fecha del cierre del 26 de diciembre de 2022 al 28 de diciembre de 2022. A este segundo Addendum compareció la Lcda. Marielí Quetglas Jordán como apoderada del señor Kohn Novita.

El 28 de diciembre de 2022, día en que se suponía se llevaría a cabo el cierre, el Lcdo. Luciano Delgado, representante legal del apelante, le confirmó al Lcdo. Garriga mediante correo electrónico que la hora del cierre sería a las 3:00 p.m. Sin embargo, luego, se

comunicó para informarle que su cliente no estaba de acuerdo con la retención del 15% establecida en la Sección 1062.08 del Código de Rentas Internas. Así, hay que hacer notar que el apelante a pesar de ser ciudadano americano no es residente de Puerto Rico.

A la luz del marco jurídico enunciado, las partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público. Artículo 1232 del Código Civil, *supra.* Ciertamente, la parte apelada no podía ir por encima de lo establecido en el Código de Rentas Internas por un capricho de la parte apelante. Por lo tanto, tal y como resolvió el foro primario, la conducta de la parte apelante demostró su interés en no cumplir con lo acordado. Tampoco con la normativa aplicable.

Así pues, el incumplimiento con las cláusulas del Contrato de Opción de Compraventa no es atribuible en ninguna circunstancia a la parte demandante. Esta siempre estuvo dispuesta a cerrar el negocio y adquirir la propiedad en cuestión. Así, no se cometieron el segundo y cuarto señalamiento de error.

Por último, en su tercer señalamiento de error, el señor Khon Novita acentuó que erró el TPI al ordenar el pago de $25,000.00 a Raquel Font DBA Dynamic Properties, quien nunca fue parte en el pleito, excediendo el objeto del "*interpleader*", y creando una obligación que el contrato no contemplaba. No le asiste la razón.

Luego de una revisión detallada del Contrato de Opción de Compraventa, es nuestra apreciación que este señalamiento de error carece de méritos y raya en la temeridad. La Cláusula 12 del contrato dispone que:

> [s]i los compradores están listos, dispuestos y capaces de otorgar las escrituras de compraventa y otros documentos de cierre, y de pagar la porción en efectivo del precio de venta y otros ajustes provistos para lo anterior; pero si los vendedores no otorgasen la escritura de compraventa, los compradores tendrán el derecho absoluto de la ejecución específica de este contrato, mas reclamar y obtener indemnización por cualquier daño. En cualquier caso, los vendedores deben estar sujetos a pagar a *Sands properties inc./Raquel Font DBA Dynamic Properties* la comisión provista en este contrato en su totalidad.

Por lo tanto, se equivoca la parte apelante al pronunciar que el foro primario creó una obligación que el contrato no contemplaba. Esto, pues la Cláusula 12 del Contrato de Opción de Compraventa es clara cuando establece la obligación de satisfacer la comisión pactada en su totalidad, en caso de que no se otorgase la escritura de compraventa.

Así pues, luego de una revisión de *novo* de la *Solicitud de Sentencia Sumaria*, así como de la *Moción en Oposición a Solicitud de Sentencia Sumaria y Solicitando se dicte Sentencia Sumaria a favor de la Parte Demandada […]*, y de constatar que las partes cumplieron con las exigencias pautadas en las Reglas de Procedimiento Civil, es nuestra apreciación que no incidió el foro *a quo* al dictar sentencia por la vía sumaria ante la ausencia de hechos materiales en controversia. Véase, *Acevedo y otros v. Depto. Hacienda y otros*, *supra.* No se cometieron ninguno de los cuatro (4) señalamientos de error.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones